## DALTON v PRICE

Ohio Appeals, 2nd Dist, Franklin Co.

No 2800. Decided Oct 15, 1937

Coughlin, Ogier & Lloyd, Columbus, for plaintiff-appellee.

Will J. Hays, Columbus, and Harry L. Hopwood, Columbus, for defendant-appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on defendant's appeal on question of law from the judgment of the Court of Common Pleas of Franklin County, Ohio. In order to understand the controversy and the manner in which the claimed errors arise, we present the following brief summary of facts.

The plaintiff, Garnet Dalton, in the fall of 1935, duly filed an action in the Municipal Court of Franklin County, Ohio, against Howard F. Graber, praying for judgment in the sum of $220.00 plus interest and costs. On trial in the Municipal Court judgment was entered for the plaintiff for the amount claimed.

On October 4th, being the day following the entry of judgment, execution was issued from the Municipal Court and a levy made on an automobile. Pending the further proceedings on the levy of execution,

defendant executed an appeal bond in the sum of $480.00, the same being signed by Hugh R. Price and approved by the trial judge of the Municipal Court.

The bondsman was a brother-in-law of the defendant. The claim is made that he signed the bond with the understanding and for the purpose of having the execution on the automobile released so that the then defendant might have the possession returned to him for his use in covering his debit as an insurance solicitor, with the further arrangement that the then defendant was to pay off the judgment in installment payments of $20.00 per month. It was claimed that this arrangement was made through an agreement with the plaintiff and her counsel. Counsel for the then defendant or the bondsman, or both, then returned to the Municipal Court, being the same day on which the bond was signed, and requested the cost clerk in the Municipal Court to cancel the bond and redeliver same to the appellant. This the cost clerk refused to do, but did at their solicitation, without any action of the judge of the Municipal Court, and without the knowledge of plaintiff or his counsel, draw a large 'X' line through the bond and write thereon 'Not used.' The defendant took no further steps looking to the perfecting of his appeal by having the requisite papers filed in the Common Pleas Court. Plaintiff in the Municipal Court, through the execution and proceedings in aid of execution, recovered the sum of $26.19 which was applied on the judgment. On November 21, 1935, the plaintiff commenced an action in the Common Pleas Court against Howard F. Graber and Hugh R. Price, praying judgment against the said Hugh R. Price in the sum of $194.91, being the claimed balance due on the judgment recovered in the Municipal Court. The claimed liability against Hugh R. Price was by reason of his having executed what plaintiff designated as the appeal bond

The issues were joined between the parties and the cause being tried resulted in finding and judgment for the plaintiff against the appellant, Hugh R. Price, in the full amount prayed for. In the Common Pleas Court a jury was waived, the parties agreeing to submit the cause to the trial court. Within the proper time defendant, filed his notice of appeal.

While the appellant in his brief sets out ten specifications of error, all may be summarized under the one proposition and claim that the finding and judgment are contrary to law and the evidence.

Counsel for the appellant in his brief present the following propositions:

(1) That the bond was cancelled by and through the action of the cost clerk marking the same 'Not used.'

(2) That the action of the plaintiff in the Municipal Court in not recalling the execution was in fact an acknowledgment and consent to the withdrawal of the appeal bond.

(3) That the transcript of the docket and journal entries and original papers not having been filed in the Common Pleas Court either by the plaintiff or defendant in the Municipal Court, no action can be maintained on the bond.

The trial court held against appellant's contention that the appeal bond had been cancelled.

We agree with this conclusion. There should be no difficulty in determining that the cost clerk in the office of the Municipal Court would have no authority through his act to change the legal effect of this bond approved by the Municipal Court and then left in the custody of the clerk

We also agree with the view of the trial court upon the second proposition.

The plaintiff in the Municipal Court did not take the necessary steps to stop further proceedings in that court.

On the 3rd question we have a more serious proposition, but a careful analysis of the provisions of the Code relative to appeal bonds from judgments of a Municipal Court leads us to conclude that reported decisions predicated on appeals from justices of the peace are not applicable. The following cases were cited by counsel for appellant:

Gimberly v Haynes, 40 Oh St 114.

Oakes v Campbell, 7 N.P. 314.

Rudershauer v Pagels, 14 C.C. 327.

An examination of these cases will disclose that the provisions of the statute and the bond which conformed thereto are essentially different from the bond in the instant case and the Code provisions providing for bonds from judgments of Municipal Courts. The provisions of the Code relative to appeals from Municipal Court will be found in §1558-75c GC. We quote from the pertinent portion of this section:

"The appeal undertaking must be conditioned:

. . .

"(1) That the appellant will prosecute his appeal to effect, and without delay.

"(2) That it judgment be adjudged against him on appeal, he will satisfy the judgment and costs.

"(3) That if for any reason the appeal is not heard and determined in the appellate court, he will satisfy the judgment and costs in the Municipal Court."

Provisions 1 and 2 are identical with the provisions of the appeal bonds in the cited cases. Provision 3 is new and so far as we are able to find has never been construed. It is a well recognized principle of law that when any provision is added to a section it must be construed if possible as having a purpose. We are inclined to the view that this added provision as to bonds from judgments in the Municipal Court has the purpose of modifying the announced rule by the courts on appeal bonds containing only the first and second provision.

The language would seem clear. The answer admits that the appeal was not heard and determined in the appellate court. The section further provides that if for any reason the appeal is not heard and determined the bondsman will satisfy the judgment and costs.

We find no error in the judgment of the trial court and therefore the same will be affirmed. The cause will be remanded for further proceedings according to law.

The costs will be awarded against the appellant.

HORNBECK and GEIGER, JJ, concur.